```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
IN RE WORLDCOM, INC. SECURITIES         :      MASTER FILE
LITIGATION                              :      02 Civ. 3288 (DLC)
                                        :
This Document Relates to:               :
                                        :      OPINION AND ORDER
Christopher Garcia v. Citigroup Global  :
Markets, Inc., No. 05 Civ. 55 (DLC)     :
                                        :
----------------------------------------X
```

APPEARANCES:
For Plaintiff:
Chrisopher Garcia, pro se

For Defendant Citigroup Global Markets, Inc. f/k/a Salomon Smith Barney:
Martin London
Richard A. Rosen
Brad S. Karp
Eric S. Goldstein
Walter Rieman
Joyce S. Huang
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064

and

Peter K. Vigeland
Wilmer Cutler Pickering Hale and Dorr LLP
399 Park Avenue
New York, NY 10022

DENISE COTE, District Judge:

Plaintiff Christopher Garcia ("Garcia"), proceeding pro se, has sued Citigroup Global Markets, Inc. f/k/a Salomon Smith Barney ("Salomon") in connection with his trading in the securities of WorldCom, Inc. ("WorldCom"). Through his first amended complaint, filed on January 21, 2005 ("Complaint"), Garcia alleges that Salomon violated Sections 10(b) and 20(a) of

the Securities Exchange Act of 1934, and committed fraud under the common law of Colorado.  In the fourth tranche of motions to dismiss claims pleaded in actions consolidated before this Court as the WorldCom Securities Litigation, Salomon has moved to dismiss each of the three claims pleaded in the Complaint.

Background

The following facts are as alleged in the Complaint.  Garcia purchased 1,000 shares of WorldCom stock through T.D. Waterhouse on February 8, 2002, and sold those shares on February 25 for a loss of approximately $1,000.  Garcia made a second purchase of 2,000 shares on April 24, 2002, which resulted in a loss of over $4,000 when he sold them on May 14, 2002.  In addition to the $5,000 in trading losses, Garcia seeks $15 million in punitive damages.

The Complaint alleges that Salomon analyst Jack Grubman ("Grubman") issued reports touting WorldCom stock in bad faith and without any reasonable basis, and that those reports inflated the price of WorldCom securities.  These reports were distributed directly to Salomon clients and placed on the Salomon website.  Garcia alleges that he "relied directly" on Grubman's statements about WorldCom stock, identifying a series of Grubman statements in reports issued between August 20, 1999 and January 29, 2002.  In the last report in that series, Garcia alleges that Grubman advised investors that WorldCom was a "best play" even as the stock reached record lows.  The Complaint rests in part upon the

presumption of reliance established by the fraud on the market doctrine.

When Grubman downgraded his recommendation on WorldCom from a buy to "neutral" on April 22, 2002, WorldCom lost a third of its value. Garcia quotes the financial press as attributing the decline to the power of Grubman's "downgrade". Garcia also describes a February 27, 2002 New York Times report on the alleged conflicts that infected Salomon's recommendations on WorldCom, and the fact that Salomon was considering "downgrading" Grubman's role at Salomon. According to Garcia, an April 10, 2002 Wall Street Journal article reported that New York's Attorney General had subpoenaed Salomon as part of an investigation into analysts' and in particular Grubman's conflicts of interest.

Discussion

This Opinion presumes familiarity with the other Opinions issued in the WorldCom Securities Litigation, in particular In re WorldCom, Inc. Sec. Litig., 294 F. Supp. 2d 392 (S.D.N.Y. 2003)(motion to dismiss class action); In re WorldCom, Inc. Sec. Litig., 382 F. Supp. 2d 549 (S.D.N.Y. 2005)(motion to dismiss complaint filed by consortium of actuarial pension funds). Salomon argues principally that Garcia has failed to plead actual reliance, that he has pleaded facts that show that he did not reasonably rely on Salomon analyst reports in making his April 2002 purchase, and that Colorado does not recognize a fraud on the market theory.

3

Garcia's claims addressed to his April 24, 2002 purchase of WorldCom stock must be dismissed. The Complaint alleges that before Garcia made his April 24 purchase, Grubman downgraded his analysis of WorldCom securities to a neutral rating, and prominent press articles reported Salomon's conflicts of interest. The facts as alleged by Garcia require dismissal of the fraud claims since his own Complaint demonstrates that he could not have reasonably relied on Grubman's neutral rating of WorldCom securities in making this second purchase.

Garcia argues in opposition to this prong of the motion that a neutral rating is not a recommendation to sell.[1] It is also not a recommendation to buy. As of the time that Grubman assigned a neutral rating, Garcia owned no WorldCom stock. Having pointed in his Complaint to evidence that WorldCom's stock was being battered, that Grubman's integrity was being impugned in the national press, that he and his employer were under a publicly disclosed investigation by the New York State Attorney General, and that Grubman was no longer recommending that investors buy WorldCom securities, Garcia's pleading cannot be construed as asserting reliance on Grubman or Salomon for the April 24 purchase. See Hirsch v. Arthur Andersen & Co., 72 F.3d 1085, 1092 (2d Cir 1995) (In the context of a motion to dismiss, "[g]eneral, conclusory allegations need not be credited ... when

---

[1] Garcia's opposition brief relies on a reference to Salomon's rating system that is not in his Complaint. According to his brief, Salomon's neutral rating indicated a range of results that ran from a 10% loss to a 10% gain.

4

they are belied by more specific allegations of the complaint.").

Turning to the February purchase, the Complaint has not alleged actual reliance. In his opposition to this motion, Garcia emphasizes the Complaint's allegation that Grubman's reports were posted on the Salomon website. The Complaint does not allege, however, that Garcia read those website reports before making his purchases of WorldCom stock. The naked allegation of reliance is insufficient in the context of the fraud claims, as they are articulated by Garcia, to carry his burden under Rule 9(b), Fed. R. Civ. P. Because Colorado has not recognized a fraud on the market theory, his common law fraud claim must be dismissed. See Schwartz v. Celestial Seasonings, Inc., 185 F.R.D. 313, 317-18 (D. Colo. 1999)(holding that under Colorado law, reliance cannot be assumed based on the fraud on the market theory); Rosenthal v. Dean Witter Reynolds, Inc., 908 P.2d 1095, 1104 (Colo. 1995)(declining to "import[]" the fraud on the market doctrine "into Colorado law").

Garcia asks for an opportunity to amend his pleading in order to "add specifics" as to what Salomon does not "understand". He asserts that "[h]aving not been a client of [Salomon] the only way to get access to [Grubman's] reports is through" Salomon's website. It remains unclear even from this passage in Garcia's brief that he can allege in good faith that he actually read Salomon's website and relied upon Grubman's reports before making his February 8 purchase. Garcia will be given an opportunity, however, to amend his Complaint to make such a representation if he is able to do so.

5

Punitive damages are unavailable under the Exchange Act. Should Garcia be able to allege facts sufficient to assert actual reliance on Grubman's reports in making his February purchase, then Garcia may reassert a claim for punitive damages. It is premature to address the extent to which Garcia's request for such damages is viable.

Conclusion

Garcia's claims addressed to his April 2002 purchase of WorldCom securities are dismissed with prejudice.

In connection with Garcia's claims addressed to his February 2002 purchase of WorldCom stock, the motion to dismiss the federal securities law claims is denied. If Garcia wishes to pursue his Colorado law claim, he may file an amended pleading by April 7, 2006, to replead actual reliance on the Grubman analyst reports.

SO ORDERED:
Dated: New York, New York
       March 7, 2006

DENISE COTE
United States District Judge