```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
IN RE WORLDCOM, INC. SECURITIES          :   MASTER FILE
LITIGATION                               :   02 Civ. 3288 (DLC)
                                         :
This Document Relates to:                :
                                         :
-----------------------------------------X   MEMORANDUM OPINION
                                         :        AND ORDER
TERRY NEAL,                              :
                                         :
            Plaintiff,                   :
       -v-                               :   No. 04 Civ. 0234
                                         :
SMITH BARNEY & CO., INC.,                :
                                         :
            Defendant.                   :
                                         :
-----------------------------------------X
```

Appearances:

For Plaintiff Terry Neal:

David L. McGee
Peter J. Mougey
Jack W. Lurton, III
Levin, Papantonio, Thomas, Mitchell,
Echsner, & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32501

William S. Shepherd
Shepherd, Smith & Bebel, PC
1314 Texas Avenue, 21st Floor
Houston, TX 77002

For Defendant Smith Barney & Co.:

Martin London
Richard A. Rosen
Brad S. Karp
Eric S. Goldstein
Walter Rieman
Joyce S. Huang
Paul, Weiss, Rifkind, Wharton &
Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064

and

Peter K. Vigeland
Wilmer Cutler Pickering Hale and Dorr
LLP
399 Park Avenue
New York, NY 10022

DENISE COTE, District Judge:

As part of their third tranche of motions to dismiss claims in Individual Actions filed in the WorldCom Securities Litigation, defendant Smith Barney & Co., Inc. f/k/a Salomon Smith Barney Inc. ("Salomon") moves to dismiss in its entirety the action filed by Terry Neal ("Neal") seeking recovery under Texas law for losses he asserts he incurred for failing to exercise his WorldCom stock options in 1999, and immediately thereafter to sell the stock. For the following reasons, the motion is granted.

## Background

The history of the WorldCom Securities Litigation is described in other Opinions issued in this complex litigation, including In re WorldCom, Inc. Sec. Litig., 388 F. Supp. 2d. 319 (S.D.N.Y. 2005); In re WorldCom Inc. Sec. Litig., 02 Civ. 3288 (DLC), 2004 WL 2591402 (S.D.N.Y. Nov. 12, 2004). Familiarity with those Opinions is assumed.

On September 4, 2003, over a year after WorldCom's stunning announcement of its fraud, Neal filed this action in Texas state court. After its removal and transfer to this Court, it was consolidated for pretrial purposes with the WorldCom Securities Litigation.

The complaint pleads three causes of action: for fraud, negligent misrepresentation, and negligence.[1] The complaint alleges the following facts. Neal was an employee of WorldCom and participated in its stock option plan. His entire 401(k) plan was invested in WorldCom stock, and as of June 1999 contained over 6,000 shares of WorldCom stock. As of May 1999, Neal owned 47,365 vested and exercisable stock options. On May 5, he asked Salomon, which was the exclusive employee stock options administrator, to exercise the options and sell the shares once the price of WorldCom stock reached $95 per share. On May 24, 1999, Salomon's telecommunications analyst Jack Grubman issued an analyst report "which stated" that the value of WorldCom stock would rise to $130 per share. Relying on Grubman's report, Neal immediately retracted his order to exercise his options. On June 21, 1999, the WorldCom share price reached $95. Neal would have made $4.6 million in profits if he had not retracted his May 5 order.

The complaint alleges that Salomon and Grubman had a conflict of interest that tainted Grubman's research reports. It alleges, drawing heavily on the allegations in the WorldCom class action complaint, that Salomon gave positive reviews of WorldCom's performance in order to obtain investment banking business from WorldCom. Neal asserts that the failure to disclose this conflict of interest caused him to lose the $4.6

---

[1] The plaintiff does not oppose the motion to dismiss the claim brought under the Texas Deceptive Trade Practices Act.

million he would have made had he exercised the options and immediately sold his WorldCom stock.

## Discussion

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2), Fed. R. Civ. P. The purpose of this requirement is to give fair notice of a claim and the grounds upon which it rests so that the opposing party may identify the nature of the case, respond to the complaint, and prepare for trial. Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512 (2002). Rule 8 is fashioned in the interest of fair and reasonable notice, not technicality, and therefore is "not meant to impose a great burden upon a plaintiff." Dura Pharms., Inc. v. Broudo, 125 S. Ct. 1627, 1634 (2005). "The complaint thus need not set out in detail the facts upon which the claim is based." Twombly v. Bell Atlantic Corp., 425 F.3d 99, 107 (2d Cir. 2005) (citation omitted). If it is clear, however, that "no relief could be granted under any sets of facts that could be proved consistent with the allegations," the claim should be dismissed. Swierkiewicz, 534 U.S. at 514. In construing the complaint, the court must "accept all factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." Jaghory v. New York State Dep't of Educ., 131 F.3d 326, 329 (2d Cir. 1997).

"The Rules do establish more demanding pleading requirements for certain kinds of claims." Twombly, 425 F.3d at 107. These

claims, including fraud, must "be stated with particularity." Rule 9(b), Fed. R. Civ. P. To comply with the requirements of Rule 9(b), an allegation of fraud must specify: "(1) those statements the plaintiff thinks were fraudulent, (2) the speaker, (3) where and when they were made, and (4) why plaintiff believes the statements to be fraudulent." Koehler v. Bank of Bermuda (New York) Ltd., 209 F.3d 130, 136 (2d Cir. 2000).

Texas law applies to this action. Where the law of a state is "uncertain or ambiguous, the job of the federal courts is carefully to predict how the highest court of the...state would resolve the uncertainty or ambiguity." Phansalkar v. Andersen Weinroth & Co., 344 F.3d 184, 199 (2d Cir. 2003) (citation omitted). In doing so, federal courts must give "fullest weight to the decisions of a state's highest court," and "proper regard to the decisions of a state's lower courts." Id. (citation omitted). Federal courts should also consider the decisions of federal courts construing state law, in particular the circuit court within whose jurisdiction the state at issue is located. Id.; Booking v. Gen'l Star Mgmt. Co., 254 F.3d 414, 421 (2d Cir. 2001). Unless another court of appeals has ignored "clear signals emanating from the state's highest court pointing to a different rule," Factors Etc., Inc. v. Pro Arts, Inc., 652 F.2d 278, 283 (2d Cir. 1981), a federal court is "bound" by another court of appeals' interpretations, while sitting in diversity, of the law of a state within its bounds. Booking, 254 F.3d at 421. Texas is within the jurisdiction of the Fifth Circuit Court of Appeals.

The parties agree that Neal's claims are properly characterized as "holder" claims. A "holder" action is one in which the plaintiffs allege that material misrepresentations or omissions caused them to retain ownership of securities that they acquired prior to the alleged wrongdoing. These claims have become more common in reaction to the enactment of the PSLRA (Private Securities Litigation Reform Act of 1995) and SLUSA (Securities Litigation Uniform Standards Act of 1998), legislation which sought to limit perceived abuses in private securities litigation. See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit, No. 04-1371, slip op. at 8-10 (U.S. Mar. 21, 2006). Holder claims have been the subject of other Opinions issued in the Securities Litigation, and those Opinions are incorporated by reference. See In re WorldCom, Inc. Sec. Litig., 02 Civ. 3288, 04 Civ. 8308, slip op. (S.D.N.Y. Mar. 24, 2006); In re WorldCom, Inc. Sec. Litig., 02 Civ. 3288, 04 Civ. 0232, slip op. (S.D.N.Y. Mar. 22, 2006); In re WorldCom Sec. Litig., 382 F. Supp. 2d. 549 (S.D.N.Y. 2005); In re WorldCom, Inc. Sec. Litig., 336 F. Supp. 2d 310 (S.D.N.Y. 2004).

In essence, as described in those prior Opinions, there is general agreement that holder claims cannot be successfully pleaded under the common law. The principle deficiency to which courts point is the impediment to proof of damages.

The Texas Supreme Court has not yet ruled on whether holder actions can be pleaded under Texas common law. The Texas Court of Appeals once upheld such claims where there were "direct, face-to-face or telephone" conversations and when plaintiffs

adequately alleged that "they had a specific plan to sell their shares at a date certain." Shirvanian v. DeFrates, No. 14-02-00447-CV, 2004 WL 35987, at *18 (Tex. App. Jan. 8, 2004), opinion replaced by 161 S.W.3d 102 (Tex. App. 2004).[2] Acknowledging the principles enunciated in Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723 (1975), which ruled that one must be a purchaser or seller of securities to sue under the Securities Exchange Act of 1934, the Shirvanian court commented that its holding "will always have a very narrow pool of plaintiffs. We are not dealing with 'complete bystanders.' The [plaintiffs] were the largest individual shareholders" of the defendant. Shirvanian, 2004 WL 35987, at *18. On rehearing, the January 8 opinion was withdrawn and replaced by an opinion that did not reach the issue of whether holder claims could be brought under Texas common law. Shirvanian v. DeFrates, 161 S.W.3d 102 (Tex. App. 2004). Relying principally on the conclusion that the plaintiffs' claims were derivative, and applying a recently issued opinion of the Delaware Supreme Court, judgment was entered for the defendants. Id. at 112.

For the reasons described in the Opinions issued in the Securities Litigation that have addressed holder claims and that have been incorporated by reference here, there is no basis to predict that the Texas Supreme Court would recognize a holder claim that would encompass Neal's allegations. There is

---

[2] When issued, the opinion included the following statement: "Notice: This opinion has not been released for publication in the permanent law reports. Until released, it is subject to revision or withdrawl." Shirvanian, 2004 WL 35987, at *1.

7

certainly no basis to predict that that court would recognize holder claims without imposing restrictions on them. Even if a holder claim could be pleaded in Texas under the narrowly crafted circumstances outlined in the January 8 <u>Shirvanian</u> opinion, Neal's complaint fails to state a claim. As Neal readily admits in opposition to this motion, he did not have any direct communication with Grubman. Therefore, he does not fit within that narrow class of plaintiffs who would be able to plead a holder claim under the withdrawn <u>Shirvanian</u> standard. Instead, he stands in no different shoes than the millions of bystanders who read or heard of Grubman's analyst reports and decided to hold their stock. This Court finds that Texas would not recognize a holder action under its common law for such plaintiffs.

<u>Conclusion</u>

The motion to dismiss the complaint in <u>Neal v. Smith Barney & Co.</u> is granted. The Clerk of Court shall close the case.

SO ORDERED:
Dated: New York, New York
March 24, 2006

*Denise Cote*
DENISE COTE
United States District Judge

8