```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
IN RE WORLDCOM, INC. SECURITIES         :        MASTER FILE
LITIGATION                              :        02 Civ. 3288 (DLC)
                                        :
This Document Relates to:               :        MEMORANDUM OPINION
                                        :             AND ORDER
ALL ACTIONS                             :
                                        :
----------------------------------------X
```

DENISE COTE, District Judge:

Attorneys for James J. Savage and John Marshall Lusk, Jr. ("Savage", "Lusk", and "Objectors") have moved for attorneys' fees and reimbursement of expenses in connection with their objections to the $2.575 billion settlement between the Citigroup Defendants and the class in the WorldCom Securities Litigation.[1] The settlement was approved. See In re WorldCom, Inc. Sec. Litig., 2004 WL 2591402 (S.D.N.Y. Nov. 12, 2004)("Opinion"). For the following reasons, the application on behalf of Savage is denied. Lusk will be given an opportunity to supplement his application.

Background

The Objectors were among six persons who filed timely objections to the settlement. Id. at *9. Lusk and Savage each submitted written objections which they signed personally and

---

[1] Class counsel requested that the briefing on this motion for attorneys' fees be held in abeyance until the Court of Appeals had approved the settlement. Since the Objectors have withdrawn their appeal of this Court's Order approving the settlement, it is now appropriate to address the motion for fees.

which identified them as appearing "pro se".[2]  At the November 5, 2004 fairness hearing held to review the terms of the settlement, however, two attorneys appeared on behalf of Savage and Lusk.[3]  Counsel for Lusk spoke at some length; counsel for Savage spoke very briefly, adopting one of the arguments already made on behalf of Lusk and resting on Savage's written objection.  In making their objections and in pressing this application for attorney's fees, neither Savage nor Lusk has provided proof of membership in the class.  Id. at *9 n.28.[4]

In their written submissions the Objectors first argued against approval of the settlement.  Each of their objections to the settlement was rejected.  Id. at *11-12.  Savage objected that the settlement could not be approved because adequate steps had not been taken to provide notice to all class members,[5] and the notice of the settlement that was sent to class members did not adequately disclose the benefit to be received by each shareholder or bondholder, or sufficiently explain the allocation of the settlement between bondholders and stockholders.  Reflecting significant confusion about the settlement, Savage

---

[2] Lusk and Savage included their home addresses, and telephone and fax numbers.

[3] Chance White, a Louisiana attorney, appears on behalf of Lusk, who lives in Mississippi; John Gadow, a Mississippi attorney, appears on behalf of Savage, a resident of Texas.

[4] Neither class counsel nor the Objectors have represented that either Savage or Lusk filed a proof of claim to participate in the WorldCom settlements with the class.

[5] Savage claimed that he had not received the notice of the proposed settlement.  Id. at n.29.

also contended inaccurately that $335 million of the settlement fund was unallocated.  Id. at *12 n.32.  Savage requested that a revised notice of settlement be sent to all class members and that the settlement proceedings be stayed.  Lusk joined in some of Savage's challenges and also asserted unsuccessfully that class members should not be required to document their trading losses or to sign the proof of claim form under penalty of perjury.  Id. at *12.

The Objectors also moved to intervene in the class action.  As explained in the Opinion, a class member does not have to intervene in order to have an objection addressed.  Id. at *9 n.26.

Both Objectors also made objections regarding an award of attorneys' fees.  Savage objected that the class notice should have given information about "the amount of work product produced" by class counsel so that class members could judge whether the attorneys' fees requested were excessive.  Lusk objected to any award of attorneys' fees to class counsel until the "uncertainties" about the allocation of the settlement fund were resolved, and until the amount of time and effort that class counsel would need to expend to prosecute the remainder of the litigation could "be projected with some certainty."  Lusk also complained about class counsel's request to establish a $5 million litigation expense fund to finance the continued prosecution of the class action against the non-settling defendants.  Id. at *17.

Only the last of these objections was considered to be "well-founded". Id. at *22. Specifically, Lusk complained that the $5 million fund would principally assist those with Securities Act claims and not shareholders, and therefore, should not be drawn from any funds allocated to the benefit of shareholders. The Court agreed. Id. As it turned out, and for reasons that had nothing to do with the merits of the objection, no such fund was ever established.

The two attorneys for the Objectors contend that they worked over 300 hours, amounting to a lodestar fee of $265,188, and incurred expenses of almost $3,000 on this matter. They assert that they studied all of the pleadings, conducted hours of research, and filed "comprehensive" briefs.[6] They seek a fee of 10% of the "Settlement Amount", which they calculate as $250,000.[7] They argue that their objection regarding the $5 million fund resulted in a savings of $2.5 million for shareholders. Counsel for Lusk seeks an award of $104,796 in attorney's fees. He represents that he worked for 142 hours on this project and that his hourly rate is $300. He seeks an award based on a multiplier of 2.46.

---

[6] As already noted, the briefs were not filed by counsel; they were filed by the class members appearing pro se.

[7] Although the Objectors refer to the Settlement Amount, it is clear that their computation does not refer to the amount the Citigroup Defendants paid in settlement. Ten percent of $2.575 billion is not $250,000. The Objectors appear to be calculating the 10% attorney's fee award based on the assertion, described above, that they saved the shareholders $2.5 million.

Discussion

An award of attorney's fees to counsel for an individual class member may be appropriate where the attorney conferred a benefit on the class. See, e.g., In re WorldCom, Inc. ERISA Litigation, 02 Civ. 3288 (DLC), 2004 WL 2338151, *11 (S.D.N.Y. Oct. 18, 2004). Only one objection of the several made by each of the Objectors was found to have any merit, and it was an issue raised by Lusk alone. Therefore, Savage has not shown that his counsel is entitled to any award of attorney's fees.

The single meritorious objection made by Lusk was contained in the written objection which he submitted pro se. Lusk's attorney did raise that issue again, however, at the fairness hearing, along with several other arguments which did not have merit. In order to decide whether an award of attorney's fees is appropriate, and the amount of any award, Lusk's counsel will be given an opportunity to submit his contemporaneous time records and confirmation of Lusk's membership in the class. See Cruz v. Local Union No. 3 of Intern. Broth. of Elec. Workers, 34 F.3d 1148, 1160 (2d Cir. 1994).

## Conclusion

The motion for an award of attorney's fees by counsel for objector Savage is denied. Counsel for objector Lusk may submit his time records and Lusk's proof of claim by May 12, 2006.

SO ORDERED:

Dated: March 28, 2006
       New York, New York

                                        DENISE COTE
                             United States District Judge