```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
IN RE WORLDCOM, INC. SECURITIES         :    02 Civ. 3288 (DLC)
LITIGATION                              :
                                        :       OPINION & ORDER
---------------------------------------- X
```

Appearances:

For Lead Plaintiff and the Class:

Max W. Berger
John P. Coffey
Bernstein Litowitz Berger & Grossman LLP
1285 Avenue of the Americas
New York, NY 10019

Leonard Barrack
Gerald J. Rodos
Jeffrey W. Golan
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103

DENISE COTE, District Judge:

The Lead Plaintiff and the Garden City Group ("GCG") have applied for approval of a final distribution to the WorldCom class in the Securities Litigation. This Order addresses the GCG recommendation that 83 claims be rejected because they were filed by or on behalf of persons or entities for whom a timely request for exclusion was received that was not timely retracted.

A class in this litigation was certified on October 24, 2003, and members of the WorldCom securities class action were

given an opportunity to opt out of the class action, at first by February 20, 2004, and then by September 1, 2004.  They were also given "clear and fair notice" of an opportunity to revoke any prior exclusion request by September 1, 2004; late-filed revocations were accepted so long as they were postmarked no later than February 19, 2005.  In re WorldCom, Inc. Secur. Litig., 237 F.R.D. 541, 544 (S.D.N.Y. 2006).  Between March 2 and March 16, 2005, the underwriter defendants in this litigation settled with the class for an aggregate amount of over $2 billion.  A Fairness Hearing on the settlement of the class action with the underwriter and other defendants was held on September 9, 2005.  Class members were permitted to submit proofs of claim until August 26, 2005, a few weeks before the Fairness Hearing.  See id.  The importance of adhering to a schedule in this litigation has been previously emphasized:

> The management of a class action, particularly one as sprawling and substantial as the WorldCom class action, requires a Court to set an appropriate and clear schedule for the litigation and to enforce the deadlines to which the parties have been required to adhere.  This permits the litigation to move forward, promotes respect for the judicial process, and allows the parties to plot their litigation strategy efficiently.  If the parties cannot rely on the schedule, then they waste resources preparing for an unknown or uncertain future.

2

Id. at 544.  Rejecting a late-filed proof of claim, the same Opinion also explained why enforcing these opt-out deadlines is important to protect the expected recoveries of class members remaining in the class and to allow the defendants and the class to ascertain an appropriate settlement figure:

> The WorldCom Securities Litigation was
> unusual in several respects, one of them
> being the number of opt outs from the
> class . . . .  When the Lead Plaintiff and
> the Citigroup defendants settled in May 2004
> they did not know the extent to which class
> members would opt out, since the opt-out
> deadline of February 20, 2004 had been
> vacated.  As a result they agreed on a
> maximum settlement figure and a procedure
> for reducing that figure once the scope of
> the opt outs became known.  Following the
> close of the opt-out period on September 1,
> 2004, they analyzed the situation and
> negotiated a reduction.  When the
> Underwriter defendants settled with the
> class in early 2005, their payments were
> calibrated against the Citigroup
> settlement . . . all class members and
> defendants have relied on the schedule set
> in this litigation.

Id. at 544-45.

On April 21, 2009, GCG advised claimants who disputed the reasons GCG had given for the rejection of their claims that they did not need to respond in order to obtain Court review of their claim, but if they did want to respond, they had to mail their submission to Lead Counsel and the Court no later than May 15, 2009.  Several persons have mailed submissions to the Court to explain why they disagree with GCG's determination that they

3

may not participate in the class action recovery because of their timely requests for exclusion.[1]  This Opinion addresses those objections which require discussion.

Richard Kiegler asserts that, in his "opinion" the writing on the request for exclusion form is not his handwriting.  (GCG had sent Mr. Kiegler a copy of the form when it explained its basis for denying his claim.)  Mr. Kiegler adds that "I cannot reason why I would have asked to be excluded."

The Kiegler request for exclusion is dated August 31, 2004.  The names Dorothy and R. Kiegler are printed in the space for contact information, next to the typed name of their attorney, Adam M. Fetterman, and Mr. Fetterman's Florida address.  The request bears the signature "Richard Kiegler".  Mr. Kiegler has submitted an annotated copy of the exclusion request with his current objection.  He writes on that copy that he never prints "g" and "r" the way they appear in his printed name where the contact information is listed.  He adds, however, that the "Signature [on the exclusion form] looks closer" to his writing.  Indeed, the signature appears identical to that on his present objection letter.

Mr. Kiegler's objection to the denial of his claim is denied.  Although Mr. Kiegler may not presently remember that he

---

[1] Certain claimants who sent objections to the Court have since reached agreement with GCG, and there is no longer any need to address their objections.

4

submitted the request to opt-out of the class, the evidence indicates that he did do so. He does not flatly deny that he signed the request for exclusion or that Mr. Fetterman was his attorney. Both Messrs. Fetterman and Kiegler live in Florida, and as noted, Mr. Kiegler's signature on the exclusion form and on his objection to the denial of his claim appear identical. Without a firmer assertion of forgery, and a denial that he authorized Mr. Fetterman to submit the exclusion form on his behalf, his claim must be rejected.

<u>Wayne Mercier</u> requested exclusion from the class on February 21, 2004. Mr. Mercier was sent the August 2, 2004 special notice advising class members how they could revoke their exclusion requests. Mr. Mercier did not revoke his request, but he did file a claim on February 28, 2005. GCG notified Mr. Mercier on June 12, 2006 that his claim was being rejected. In a November 21, 2006 letter Mr. Mercier explains that he requested exclusion from the class because he intended to have an attorney represent him. He assures GCG that he never retained an attorney and reports that GCG assured him in his many telephone calls to inquire about his claim number that everything was in order "on my claim." In his May 1, 2009 letter to the Court, he repeats that he never retained an attorney and placed many telephone calls to GCG, but spoke to a different person every time. GCG has records of telephone calls

5

with Mr. Mercier on five occasions between June 2006 and January 2007.

Mr. Mercier's objection is denied.  There is no dispute that Mr. Mercier requested exclusion and did not revoke that request in writing by February 19, 2005.  His telephone calls with GCG referred to his claim, and took place after the time permitted to revoke an exclusion request.  Therefore, even if those telephone calls could be construed as revocation requests, and they cannot, they are untimely.  Mr. Mercier's claim is denied.

Gregory Motlow requested exclusion from the class on February 4, 2004.  In a letter of April 27, 2009, he explains that he made a "terrible mistake by accidentally" excluding himself, that he never pursued a lawsuit with his attorney, and that he is sorry for his error.  The exclusion form includes his and his attorney's contact information, and is signed by Mr. Motlow.  GCG properly excluded Mr. Motlow from the class.  Given that Mr. Motlow does not deny that it is his signature on the exclusion form, and that he authorized his attorney to submit it on his behalf, the request for exclusion will be enforced despite Mr. Motlow's change of mind about the wisdom of his decision in 2004.  Mr. Motlow's claim is denied.

William Poole's June 24, 2004 requests for exclusion from the class were received by GCG on July 23, 2004.  Mr. Poole

6

objects to the acceptance of these requests as valid since they were received months after the original February 20, 2004 opt-out deadline.  That deadline was extended, however, to September 1, 2004.  As a result, the exclusion requests were timely and will be honored.[2]   Mr. Poole's claim is denied.

Mickey Redwine submitted a series of signed requests for exclusion dated August 27, 2004.[3]  In his May 6, 2009 application to the Court, he admits that he did so, explaining that an Alabama law firm convinced him to opt-out of the WorldCom class.  He contends that he changed his mind and then "opted back in before the deadline."  He does not identify the date on which he revoked his request for exclusion.

The GCG files reflect that Mr. Redwine submitted a claim form dated February 28, 2005.  On June 28, 2006, GCG advised Mr. Redwine in a "Final Letter of Rejection" that his proof of claim had been rejected because he had previously excluded himself from the class.  It added that any request for Court review of

---

[2] Mr. Poole did not revoke his request for exclusion.  The GCG records indicate that the special notice was mailed to Mr. Poole to advise him that he could revoke his request by September 1, 2004, but he did not take steps to do so.  Indeed, Mr. Poole's current submissions appear to indicate that as late as November 18, 2004 he mailed an agreement to the attorneys who had advised him in connection with his decision to opt out of the WorldCom class, Hooper & Weiss, to authorize them to bring a negligence claim on his behalf in connection with his WorldCom holdings.

[3] The requests for exclusion were mailed by the law firm Beasley, Allen, Crow, Methvin, Protis & Miles, P.C. by certified mail on September 1, 2004, as part of a package of 160 opt-out requests.

his claim had to be postmarked no later than July 28, 2006. In a letter dated July 25, 2006, but apparently mailed in November 2006, Mr. Redwine wrote that he "inadvertently" excluded himself from the class and "would like to revoke that and request to be included in the class." He asserts that he sent his proof of claim to GCG on March 4, 2005.[4]

Mr. Redwine's objection is denied. He does not dispute that he timely requested exclusion from the class and he has not provided any reason to find that he revoked that request on or before February 19, 2005. Since February 19, 2005 was the last date on which such revocations were accepted, Mr. Redwine's 2006 submission was too late. Mr. Redwine's claim is denied.

Robert Rubin admits that he requested exclusion from the class, signing the request on August 26, 2004.[5] Having forgotten that request, he filed proofs of claim with GCG. In a letter dated August 5, 2005, Mr. Rubin wrote GCG to formally revoke the

---

[4] As noted above, historic settlements with underwriter defendants were announced between March 2 and March 16, 2005. Even though these settlements caused some WorldCom class members to change their mind about their earlier decision to opt out, the Court has not permitted class members to revoke their exclusion after February 19, 2005, for the reasons explained in WorldCom, 237 F.R.D. at 544-45.

[5] In a letter to GCG, Mr. Rubin had previously suggested that his request for exclusion was inadvertent or unintentional. He no longer contends that, admitting instead that he had intended to pursue an independent action when he requested exclusion from the class, but that his counsel later decided not to pursue the claim.

8

exclusion request. He argues that his revocation was timely and that his claim should be processed. To be timely, the revocation had to be effected by February 19, 2005. Mr. Rubin's claim is therefore denied.

The Court has reviewed the remaining materials submitted by the GCG to support its recommendation that those who requested exclusion from the class should not be permitted to participate in the class recovery, and adopts its recommendation with the following exception. A separate order shall issue with respect to the objection submitted by Bruce and Louise Barber.

Accordingly, it is hereby

ORDERED that GCG's recommendation to reject the claims of those who submitted requests for exclusion and who did not revoke those requests on or before February 19, 2005, is accepted with one reservation. A separate Order issued on July 29, 2009 with respect to E. Bruce and Louise Barber requesting further information.

IT IS FURTHER ORDERED that GCG shall send a copy of this Opinion and Order to all claimants affected by it.

SO ORDERED:

Dated:   New York, New York
         September 14, 2009

                                         _____
                                              DENISE COTE
                                         United States District Judge

**Copies Sent To:**

**John Patrick Coffey**
Bernstein Litowitz Berger & Grossmann LLP
1285 Avenue of the Americas
New York, NY 10019

**Shandarese Garr**
The Garden City Group, Inc.
105 Maxess Road
Melville, New York 11747

**Jeffrey Golan**
Barrack, Rodos & Bacine
2001 Market Street
3300 Commerce Square
Philadelphia, PA 19103