UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE WORLDCOM, INC. | : | MASTER FILE NO. |
| SECURITIES LITIGATION | : | 02 Civ. 3288 (DLC) |

This Document Relates to:

| | | |
|---|---|---|
| 02 Civ. 3288 | 02 Civ. 4973 | 02 Civ. 8230 |
| 02 Civ. 3416 | 02 Civ. 4990 | 02 Civ. 8234 |
| 02 Civ. 3419 | 02 Civ. 5057 | 02 Civ. 9513 |
| 02 Civ. 3508 | 02 Civ. 5071 | 02 Civ. 9514 |
| 02 Civ. 3537 | 02 Civ. 5087 | 02 Civ. 9515 |
| 02 Civ. 3647 | 02 Civ. 5108 | 02 Civ. 9516 |
| 02 Civ. 3750 | 02 Civ. 5224 | 02 Civ. 9519 |
| 02 Civ. 3771 | 02 Civ. 5285 | 02 Civ. 9521 |
| 02 Civ. 4719 | 02 Civ. 8226 | 03 Civ. 2841 |
| 02 Civ. 4945 | 02 Civ. 8227 | 03 Civ. 3592 |
| 02 Civ. 4946 | 02 Civ. 8228 | 03 Civ. 6229 |
| 02 Civ. 4958 | 02 Civ. 8229 | |



[PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT WITH ARTHUR ANDERSEN LLP OF
CONTINGENT PAYMENT CLAIM AND PROVIDING FOR NOTICE

DENISE COTE, District Judge

WHEREAS:

A.      Lead Plaintiff, Thomas P. DiNapoli, Comptroller of the State of New York, as

Administrative Head of the New York State and Local Retirement Systems and as Trustee of the

New York State Common Retirement Fund, and the WorldCom Class, and (ii) Defendant Arthur

Andersen LLP ("Andersen") have entered into a settlement (the "Settlement") of all claims

against Andersen with respect to paragraph 1.gg. of the Stipulation of Settlement entered into

between Lead Plaintiff and Andersen dated April 22, 2005 (the "WorldCom Stipulation of

Settlement"), on the terms and conditions set forth in the Agreement Between Lead Plaintiff and

Arthur Andersen LLP Concerning Contingent Payment Claim, dated September 27, 2012 (the "Agreement") (Exhibit 1 hereto);

B.      Lead Plaintiff has requested, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, entry of an Order preliminarily approving the Settlement and providing notice of the proposed Settlement to the WorldCom Class; and

C.      The Court, having read and considered the Agreement, the Notice of Proposed Settlement of Contingent Payment Claim with Arthur Andersen LLP (the "Notice") (Exhibit 2 hereto), Summary Notice of Proposed Settlement of Contingent Payment Claim with Arthur Andersen LLP (the "Summary Notice") (Exhibit 3 hereto) and the proposed form of Judgment (Exhibit 4 hereto), and having considered all other papers and arguments submitted in connection with Lead Plaintiff's request, and finding that substantial and sufficient grounds exist for entering this Order;

IT IS HEREBY ORDERED:

1.      For purposes of this Order, the Court adopts all defined terms as set forth in the Agreement or in the WorldCom Stipulation of Settlement.

2.      The Court preliminarily approves the Settlement, as reflected in the Agreement, as being fair, just, reasonable and adequate, pending a final hearing on the Settlement.

3.      Institution or prosecution of any action or claim that is subject to the release or dismissal provisions contemplated by the Settlement is hereby enjoined pending further order of the Court.

**NOTICE**

4.      The Court approves the continued retention of The Garden City Group, Inc. as the Notice and Claims Administrator (the "Administrator") to supervise and administer the notice

procedure and the distribution of the Net WorldCom Settlement Amount to Authorized Claimants.

5.     Lead Plaintiff, through the Administrator, shall disseminate notice of the Settlement, including notice of the hearing on the proposed Settlement and Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses, as follows:

a.     not later than _14_ days after entry of this order (the "Notice Date"), the Lead Counsel and Administrator shall cause the Notice, substantially in the form attached hereto as Exhibit 2, to be published on www.worldcomlitigation.com and on Lead Counsel's websites, www.blbglaw.com and www.barrack.com, and the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published through *PR Newswire* and mailed directly to all WorldCom Class Members who cashed all of their prior distributions from the proceeds of the WorldCom Settlements and thus, pursuant to prior Order of this Court, are eligible to receive additional distributions, subject to the limitation that they would receive at least $5.00 in the next distribution (which shall be determined on the assumption that the proposed Settlement and the application for an award of attorneys' fees and reimbursement of expenses are approved and the Effective Date occurs).

b.     as provided in the Summary Notice, the Administrator shall mail or email a printed copy of the Notice to any WorldCom Class Member who requests such a copy by mail, email or telephone prior to the Settlement Hearing; and

c.     not later than 7 days prior to the Settlement Hearing, Lead Counsel shall serve on Andersen and file with the Court proof, by affidavit or declaration, of such publication and dissemination of the Notice and the Summary Notice.

6.     The Court approves, as to form and content, the Notice and the Summary Notice and finds that the procedures established for the publication and dissemination of the Notice and the Summary Notice substantially in the manner and form set forth in paragraph 5 of this Order meet the requirements of Rules 23(e)(1) and 23(h)(1) of the Federal Rules of Civil Procedure, and due process, and constitute notice that is reasonable, under the circumstances, to apprise WorldCom Class Members of the effect of the proposed Settlement and of their right to appear at the Settlement Hearing and object to the proposed Settlement and/or the motion for an award of attorneys' fees and reimbursement of expenses.

7.     The costs of providing notice shall be paid from the WorldCom Settlement Amount as provided in the Agreement without further order of the Court.

**HEARING, RIGHT TO BE HEARD**

8.     The Court will hold a settlement hearing (the "Settlement Hearing") on *November 14*, 2012 at *2:00* p.m. in Courtroom 15B of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY, at which time the Court shall (a) determine whether the proposed Settlement on the terms and conditions provided for in the Agreement is fair, reasonable, and adequate and should be approved; (b) determine whether a Judgment substantially in the form attached as Exhibit B to the Agreement should be entered; (c) determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of expenses should be approved; and (d) consider any other matters that may properly be brought before the Court in connection with the Settlement.

9.     Lead Counsel shall file and serve papers in support of the Settlement and Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses no later than __

35

days prior to the Settlement Hearing; if reply papers are necessary, they are to be filed and served

no later than 7 days prior to the Settlement Hearing.

10.    Any WorldCom Class Member may appear at the Settlement Hearing to show

cause, if he, she or it has any cause, why the proposed Settlement and/or Lead Counsel's motion

for an award of attorneys' fees and reimbursement of expenses should or should not be

approved; provided, however, that no WorldCom Class Member shall be heard or entitled to

contest the approval of the terms and conditions of the proposed Settlement and/or the motion for

an award of attorneys' fees and reimbursement of expenses unless that person or entity has filed

a written objection with the Court and served copies of such objection in the manner provided in

the Notice such that it is received no later than 21 days prior to the Settlement Hearing on each

of the following:

| | |
|---|---|
| BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP | BARRACK RODOS & BACINE |
| John C. Browne | Jeffrey W. Golan |
| 1285 Avenue of the Americas | 3300 Two Commerce Square |
| New York, New York 10019 | 2001 Market Street |
| | Philadelphia, Pennsylvania 19103 |

*Attorneys for Lead Plaintiff and Co-Lead Counsel for the WorldCom Class*

CURTIS, MALLET-PREVOST,
    COLT & MOSLE LLP
Eliot Lauer
Michael Moscato
101 Park Avenue
New York NY 10178

*Attorneys for Defendant Arthur Andersen LLP*

11.    Any objections, filings and other submissions by the objecting WorldCom Class

Member must (a) state the name, address and telephone number of the person or entity objecting

and must be signed by the objector and (b) contain a statement of his, her or its objection, as well

as the specific reasons for each objection, including the legal and evidentiary support the WorldCom Class Member wishes to bring to the Court's attention.  In addition, if a person or entity other than an Authorized Claimant submits an objection, he, she or it must include documents sufficient to show membership in the WorldCom Class.

12.     Any member of the WorldCom Class who does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to the Settlement and the motion for an award of attorneys' fees and reimbursement of expenses and shall forever be barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement or the requested attorneys' fees and expenses, or from otherwise being heard concerning the Settlement or the requested attorneys' fees and expenses in this or any other proceeding.

13.     Any WorldCom Class Member may enter an appearance in the Litigation, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Andersen's Counsel listed in the Notice such that it is received no later than 21 days prior to the Settlement Hearing, or as the Court may otherwise direct.  Any WorldCom Class Member who does not enter an appearance will be represented by Lead Counsel.

14.     The Court may adjourn the Settlement Hearing and approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the WorldCom Class.

**OTHER PROVISIONS**

15.     The WorldCom Settlement Amount and any interest earned thereon (the "WorldCom Settlement Fund") shall be deemed and considered to be *in custodia legis* of the

Court, and shall remain subject to the jurisdiction of the Court, until such time as it shall be distributed pursuant to the Agreement and/or further order(s) of the Court.

15.    Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect of the WorldCom Settlement Fund, to pay from the WorldCom Settlement Fund any Taxes owed with respect to the WorldCom Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Agreement.

16.    This Settlement is contingent on approval of a parallel settlement between Lead Plaintiff and Andersen in the McKesson Action in the United States District Court for the Northern District of California.  If the Agreement is terminated, the Settlement is not approved, the settlement of the McKesson Settled Claim in the McKesson Action is not approved, or the Effective Date of the Agreement does not occur, this Order shall become null and void and be without prejudice to the rights of Lead Plaintiff, the WorldCom Class Members and Andersen, and the Parties shall be deemed to have reverted to their respective status immediately prior to the execution of the Agreement.

17.    Neither the Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the Settlement: (i) is or may be deemed to be or may be used or offered as an admission or evidence of the validity of any released WorldCom Settled Claim or of any wrongdoing or liability of any Settling Defendant Releasee; or (ii) is or may be deemed to be or may be used or offered as an admission or evidence of any fault or omission of any Settling Defendant Releasee in any civil, criminal or

administrative proceeding in any court, administrative agency or other tribunal, other than as may be necessary to consummate or enforce the Agreement, the Settlement or the Judgment.

18.     Neither the Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the Settlement: (i) is or may be deemed to be or may be used or offered as an admission or evidence against Lead Plaintiff or any WorldCom Class Members that any of their claims are without merit or that or that the Contingent Payment Claim recoverable under paragraph 1.gg. of the WorldCom Stipulation of Settlement would not have exceeded the WorldCom Settlement Amount; or (ii) is or may be deemed to be or may be used or offered as an admission or evidence of any fault or omission of Lead Plaintiff or any WorldCom Class Members in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal, other than as may be necessary to consummate or enforce the Agreement, the Settlement or the Judgment.

19.     The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED:

Dated:      New York, New York
            _October 2_ , 2012

            _____
            DENISE COTE
            United States District Judge

# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE WORLDCOM, INC.<br>SECURITIES LITIGATION | : | MASTER FILE NO.<br>02 Civ. 3288 (DLC) |

This Document Relates to:

| | | | |
|---|---|---|---|
| 02 Civ. 3288 | 02 Civ. 4973 | 02 Civ. 8230 | : |
| 02 Civ. 3416 | 02 Civ. 4990 | 02 Civ. 8234 | : |
| 02 Civ. 3419 | 02 Civ. 5057 | 02 Civ. 9513 | : |
| 02 Civ. 3508 | 02 Civ. 5071 | 02 Civ. 9514 | : |
| 02 Civ. 3537 | 02 Civ. 5087 | 02 Civ. 9515 | : |
| 02 Civ. 3647 | 02 Civ. 5108 | 02 Civ. 9516 | : |
| 02 Civ. 3750 | 02 Civ. 5224 | 02 Civ. 9519 | : |
| 02 Civ. 3771 | 02 Civ. 5285 | 02 Civ. 9521 | : |
| 02 Civ. 4719 | 02 Civ. 8226 | 03 Civ. 2841 | : |
| 02 Civ. 4945 | 02 Civ. 8227 | 03 Civ. 3592 | : |
| 02 Civ. 4946 | 02 Civ. 8228 | 03 Civ. 6229 | : |
| 02 Civ. 4958 | 02 Civ. 8229 | | : |

## AGREEMENT BETWEEN LEAD PLAINTIFF AND ARTHUR ANDERSEN LLP
## CONCERNING CONTINGENT PAYMENT CLAIM

This Agreement Between Lead Plaintiff and Arthur Andersen LLP Concerning

Contingent Payment Claim (the "Agreement") is entered into between (i) the Lead Plaintiff,

Thomas P. DiNapoli, Comptroller of the State of New York, as Administrative Head of the New

York State and Local Retirement Systems and as Trustee of the New York State Common

Retirement Fund, and the WorldCom Class (as defined in paragraph 1.d. of the Stipulation of

Settlement between the parties hereto dated April 22, 2005 (the "WorldCom Stipulation of

Settlement"))[1], and (ii) Defendant Arthur Andersen LLP ("Andersen", and together with

Plaintiffs, the "Parties"), by and through their undersigned attorneys.

---

[1]  The WorldCom Stipulation of Settlement is fully incorporated herein and remains unmodified other than as
specifically provided for herein.  Any terms not otherwise defined in paragraph 1 herein shall have the meanings
ascribed to them in the WorldCom Stipulation of Settlement.

WHEREAS:

A.     The above-captioned action (the "Action"), which was commenced in April 2002, was resolved by settlements with the various defendants for an aggregate settlement amount of $6.18 billion.   The settlements were approved by the WorldCom Court (defined below) in November 2004 and September 2005.   Between December 2006 and April 2010, four distributions from the proceeds of the settlements have been made to Authorized Claimants.

B.     One of the Settlements achieved in the Action was with Andersen.  On April 22, 2005, after five weeks of trial, the Parties entered into the WorldCom Stipulation of Settlement to fully and finally resolve, discharge and settle the Released Claims, as defined in that stipulation, subject to the terms and conditions set forth therein.

C.     Pursuant to the terms of the WorldCom Stipulation of Settlement (paragraph 1.gg.), Andersen was to pay $65 million immediately upon preliminary approval of the Settlement (the "Cash Payment"), and two contingent payments: (a) an amount equivalent to 20% of the amounts, if any, actually paid by Andersen to its present or former partners, participating principals, national partners and national directors in repayment of any and all subordinated notes ("the Notes") issued in respect of paid in capital and/or subordinated loans (the "WorldCom Contingent Loan Repayment Obligation"), the Parties acknowledging at the time of the WorldCom Stipulation of Settlement that repayment of the Notes was contingent on many factors and that payments on the Notes were currently suspended, and (b) the difference between any Net Cash Amount paid in an Other Action and the Cash Payment (as such terms are defined in paragraph 36 of the WorldCom Stipulation of Settlement).

D.      Lead Plaintiff is also the Lead Plaintiff in the now settled action styled *In re McKesson HBOC, Inc. Securities Litigation*, Master file No. 99-cv-20743 RMW (PVT) (N.D. Cal.) in which Andersen was a defendant.

E.      Pursuant to the terms of the McKesson Stipulation of Settlement (Definition (z)), Andersen was to pay $72.5 million on or before October 31, 2006 (the "Cash Payment"), and two contingent payments: (a) an amount equivalent to 5% of the amounts, if any, actually paid by Andersen to its present or former partners, participating principals, national partners and national directors in repayment of any and all subordinated notes issued in respect of paid in capital and/or subordinated loans (the "McKesson Contingent Loan Repayment Obligation"), the parties acknowledging at the time of the McKesson Stipulation of Settlement that repayment of the Notes was contingent on many factors and that payments on the Notes were currently suspended, and (b) the difference between any Net Cash Amount paid in an Other Action and the Cash Payment (as such terms are defined in paragraph 35 of the McKesson Stipulation of Settlement).

F.      At the time the WorldCom Stipulation of Settlement and the McKesson Stipulation of Settlement were entered into, Andersen confronted substantial litigation claims and other contingencies which, as a result, had caused Andersen to suspend all payments on the Notes and rendered highly uncertain whether, when or to what extent Andersen would be in a position to make any repayments with respect to the Notes.  Andersen now anticipates the possibility of making some repayments with respect to the Notes in the future, although the timing and amounts of any such repayments remains uncertain and subject to multiple contingencies.

3

G.     To the extent that Andersen makes repayments on the Notes in the future, any such repayments, when and if made, would trigger the Contingent Loan Repayment Obligations under the terms of the WorldCom and McKesson Stipulations of Settlement. The ultimate amounts of any such repayments with respect to the Notes, and the number of such repayments, and the time period over which any such repayments would be made, are unknown at this time and may not become known for a number of years.

H.     Lead Plaintiff and Lead Counsel have considered the contingencies and uncertainties that could affect the ultimate amount of the repayments made in respect of the Notes as well as the extended time period over which such repayments may be made.

I.     Based on their consideration of these factors, Lead Plaintiff and Lead Counsel have concluded that the terms and conditions of this Agreement are fair, reasonable and adequate to Lead Plaintiff and the other members of the WorldCom Class, and in their best interests and Lead Plaintiff, with the input of Lead Counsel, has agreed to settle the claim in paragraph 1.gg. of the WorldCom Stipulation of Settlement on the terms and conditions of this Agreement.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between Lead Plaintiff for itself and on behalf of the WorldCom Class and Andersen, through their respective attorneys, subject to Court approval, in consideration of the benefits flowing to the Parties from this settlement, that all claims against Andersen with respect to paragraph 1.gg. of the WorldCom Stipulation of Settlement shall be compromised, released and relinquished, upon and subject to the following terms and conditions:

4

## DEFINITIONS

1.      As used in this Agreement, the following terms shall have the following meanings:

a.    "Effective Date" means the first business day following the date the Judgments become Final.

b.    "Final" with respect to the Judgments means: (a) if no appeal is filed, the expiration date of the time provided for filing or noticing of any appeal under the Federal Rules of Civil Procedure, i.e., thirty (30) days after entry of any order or judgment; or (b) if there is an appeal from any order or either one or both of the Judgments, the date of (i) final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise to review the order or judgment, or (ii) the date the order or judgment is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review of the order or judgment, and, if certiorari or other form of review is granted, the date of final affirmance of the order or judgment following review pursuant to that grant.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to attorneys' fees, costs or expenses shall not in any way delay or preclude the Judgments from becoming Final.

c.    "Judgments" mean (1) the judgment to be entered by the WorldCom Court approving the proposed settlement of the WorldCom Settled Claim; and (2) the judgment to be entered by the McKesson Court approving the proposed settlement of the McKesson Settled Claim.

d.    "McKesson Action" means the action styled *In re McKesson HBOC, Inc. Securities Litigation*, Master file No. 99-CV-20743 RMW (PVT), that was brought in the United

States District Court for the Northern District of California, San Jose Division.

e. "McKesson Class" means the Settlement Class defined in Definition (aa) of the McKesson Stipulation of Settlement.

f. "McKesson Court" means the United States District Court for the Northern District of California, San Jose Division.

g. "McKesson Settled Claim" means the claim of Lead Plaintiff and the McKesson Class set forth in Definition (z) of the McKesson Stipulation of Settlement.

h. "McKesson Settlements" means the settlements previously achieved in the McKesson Action that have been approved by the McKesson Court.

i.  "McKesson Stipulation of Settlement" means the Stipulation and Agreement of Settlement between Lead Plaintiff and Defendant Arthur Andersen LLP dated December 19, 2006 in the McKesson Action.

j. "Notice and Administration Costs" means the costs, fees and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with (i) providing notice to the WorldCom Class; and (ii) administering the Claims process, as well as the costs, fees and expenses incurred in connection with the Escrow Account.

k. "Taxes" means: (i) all federal, state and/or local taxes of any kind on any income earned by the WorldCom Settlement Fund; and (ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the WorldCom Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

l. "WorldCom Class" means the Class defined in paragraph 1.d. of the WorldCom Stipulation of Settlement.

m. "WorldCom Court" means the United States District Court for the Southern District of New York.

n. "WorldCom Settled Claim" means the claim of Lead Plaintiff and the WorldCom Class set forth in paragraph 1.gg. of the WorldCom Stipulation of Settlement.

o. "WorldCom Settlement Amount" means $38,000,000 in cash.

p. "WorldCom Settlements" means the settlements previously achieved in the Action that have been approved by the WorldCom Court.

q. "WorldCom Stipulation of Settlement" means the Stipulation of Settlement between the Parties hereto dated April 22, 2005.

## SETTLEMENT CONSIDERATION

2.      In consideration of the settlement of the WorldCom Settled Claim against Andersen, Andersen shall pay a total of $38,000,000 as provided for herein.  Payment of such amount shall be contingent upon the entry of Judgments by both the WorldCom Court and the McKesson Court approving the respective proposed settlements.   Provided that both the WorldCom Court and the McKesson Court enter Judgments approving the respective proposed settlements, the WorldCom Settlement Amount shall be deposited by Andersen, in accordance with instructions from Lead Counsel, into an escrow account to be maintained by Lead Counsel, within ten (10) business days of the later of the two Judgments.  Lead Plaintiff agrees not to withdraw the WorldCom Settlement Amount or any portion of it from the escrow account until the Effective Date.  If either of the Judgments is reversed on appeal, Lead Plaintiff agrees that the WorldCom Settlement Amount with any interest earned, minus the costs of providing notice of this proposed settlement, bank fees and Taxes on the interest earned on the WorldCom Settlement Amount, will be returned to Andersen within ten (10) business days of the reversal.

## RELEASE OF WORLDCOM SETTLED CLAIM

3.     The obligations incurred pursuant to this Agreement shall be in full and final disposition of any claim against Andersen with respect to its obligations set forth in paragraph 1.gg. of the WorldCom Stipulation of Settlement, including but not limited to the WorldCom Contingent Loan Repayment Obligation, and shall fully and finally release the WorldCom Settled Claim as against the Settling Defendant Releasees.

4.     As of the Effective Date, Lead Plaintiff, all WorldCom Class Members and their respective heirs, executors, administrators, successors and assigns, and any persons they represent, agree to release, and by operation of the Judgment shall have released, the WorldCom Settled Claim against the Settling Defendant Releasees.

5.     As of the Effective Date, Lead Plaintiff, all WorldCom Class Members and their respective heirs, executors, administrators, successors and assigns, and any persons they represent, will be forever barred and enjoined from commencing, instituting or prosecuting any action against the Settling Defendant Releasees with respect to, based on, or arising from the WorldCom Settled Claim.

## USE OF WORLDCOM SETTLEMENT AMOUNT

6.     The WorldCom Settlement Amount shall be added to the funds remaining in the distribution account for the WorldCom Settlements.  After payment of any Taxes, any Notice and Administration Costs and any attorneys' fees and expenses as may be awarded by the WorldCom Court, the balance of the WorldCom Settlement Amount (the "Net WorldCom Settlement Amount") shall be distributed to Authorized Claimants consistent with the provisions of the Court-approved Final Distribution Plan for the proceeds of the WorldCom Settlements, i.e., the Net WorldCom Settlement Amount will be added to the balance in the distribution

account for Authorized Claimants with claims against Andersen, and will be distributed to Authorized Claimants who cashed the last distribution check sent and who would receive at least $5.00 in such distribution, with subsequent distributions to be made in like manner until the Claims Administrator and Lead Plaintiff determine that further redistribution is not cost-effective, at which time the balance remaining in the distribution account after payment of any unpaid costs or fees incurred in connection with administering the Net Settlement Fund shall be donated to non-sectarian, not-for-profit, 501(c)(3) organization(s) recommended by Lead Plaintiff and approved by the Court.   Andersen shall have no responsibility or liability with respect to any Notice to the WorldCom Class, the payment of any Taxes arising from the payment of the WorldCom Settlement Amount or any interest earned thereon, or the distribution of the WorldCom Settlement Amount to the WorldCom Class.

## ATTORNEYS' FEES AND EXPENSES

7.      With the prior approval of Lead Plaintiff, Lead Counsel may separately apply to the WorldCom Court for an award of attorneys' fees and expenses in connection with achieving this settlement, provided that such amounts may be paid only from WorldCom Settlement Amount obtained pursuant to this settlement.   The disposition of any application by Lead Counsel for an award or attorneys' fees in this Action or in the McKesson Action is not a material term of this Agreement and it is not a condition of this Agreement that such applications be granted.

## MISCELLANEOUS PROVISIONS

8.      This Agreement relates only to the settlement and release of claims with respect to Andersen's WorldCom Settled Claim.   It supersedes the WorldCom Settlement Stipulation only to the extent provided herein.   In all other respects, the terms and conditions of the

WorldCom Settlement Agreement remain in full force and effect as does the WorldCom Court's continuing jurisdiction over the implementation of that agreement.

9.      Neither this Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement: (i) is or may be deemed to be or may be used or offered as an admission or evidence of the validity of any released WorldCom Settled Claim or of any wrongdoing or liability of any Settling Defendant Releasee; or (ii) is or may be deemed to be or may be used or offered as an admission or evidence of any fault or omission of any Settling Defendant Releasee in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal, other than as may be necessary to consummate or enforce this Agreement, the Settlement or the Judgment.

10.     Neither this Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement: (i) is or may be deemed to be or may be used or offered as an admission or evidence against Lead Plaintiff or any WorldCom Class Members that any of their claims are without merit or that the Contingent Payment Claim recoverable under paragraph 1.gg. of the WorldCom Stipulation of Settlement would not have exceeded the Settlement Amount; or (ii) is or may be deemed to be or may be used or offered as an admission or evidence of any fault or omission of Lead Plaintiff or any WorldCom Class Members in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal, other than as may be necessary to consummate or enforce this Agreement, the Settlement or the Judgment.

11.     This Agreement and its exhibits constitute the entire agreement among the Parties concerning this Settlement, and no representations, warranties, or inducements have been made to any party concerning this Agreement or its exhibits other than the representations, warranties

and covenants contained and memorialized in such documents.

12.     This Agreement may be amended or modified only by a written instrument signed by all counsel for the Parties hereto or their successors-in-interest.

13.     The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Agreement.

14.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

15.     This Agreement may be executed in one or more original and/or faxed or emailed counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the signatories of this Agreement shall exchange among themselves original signed counterparts.

16.     Each counsel signing this Agreement represents that such counsel has authority to sign this Agreement on behalf of its clients.

17.     This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto.

18.     The construction, interpretation, operation, effect and validity of this Agreement, and all documents necessary to effectuate it, shall be governed by the internal laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

19.     This Agreement shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that this Agreement is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to

the preparation of this Agreement.

20.    Lead Counsel and Andersen's Counsel agree to cooperate fully with one another in seeking Court approval of the WorldCom and McKesson Settlements, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the respective courts of the Settlements.

21.    The administration and consummation of this Settlement as embodied in this Agreement shall be under the authority of the WorldCom Court, and the WorldCom Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and expenses and enforcing the terms of this Agreement.

Dated:  September 27, 2012

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP

_____
Max W. Berger (MB-5010)
John  Browne (JB-0391)
1285 Avenue of the Americas
New York, New York 10019
(212) 554-1400

BARRACK RODOS & BACINE

_____
Leonard Barrack
Jeffrey W. Golan
3300 Two Commerce Square
2001 Market Street
Philadelphia, Pennsylvania 19103
(215) 963-0600

*Attorneys for Lead Plaintiff, Thomas P. DiNapoli, Comptroller of the State of New York, as Administrative Head of the New York State and Local Retirement Systems and as Trustee of the New York State Common Retirement Fund, and Co-Lead Counsel for the Class*

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

_____
Eliot Lauer
Michael Moscato
101 Park Avenue
New York NY 10178
(212) 696-6000

*Attorneys for Defendant Arthur Andersen LLP*
# 632256.9

12

the preparation of this Agreement.

20.     Lead Counsel and Andersen's Counsel agree to cooperate fully with one another in seeking Court approval of the WorldCom and McKesson Settlements, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the respective courts of the Settlements.

21.     The administration and consummation of this Settlement as embodied in this Agreement shall be under the authority of the WorldCom Court, and the WorldCom Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and expenses and enforcing the terms of this Agreement.

Dated: September __, 2012

BERNSTEIN LITOWITZ BERGER &                        BARRACK RODOS & BACINE
  GROSSMANN LLP


_____                          _____
Max W. Berger (MB-5010)                            Leonard Barrack
John Browne (JB-0391)                              Jeffrey W. Golan
1285 Avenue of the Americas                        3300 Two Commerce Square
New York, New York 10019                           2001 Market Street
(212) 554-1400                                     Philadelphia, Pennsylvania 19103
                                                   (215) 963-0600

*Attorneys for Lead Plaintiff, Thomas P. DiNapoli, Comptroller of the State of New York, as Administrative Head of the New York State and Local Retirement Systems and as Trustee of the New York State Common Retirement Fund, and Co-Lead Counsel for the Class*

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

_____
Eliot Lauer
Michael Moscato
101 Park Avenue
New York NY 10178
(212) 696-6000

*Attorneys for Defendant Arthur Andersen LLP*
# 632256.9

12

# Exhibit 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                    :
IN RE WORLDCOM, INC. SECURITIES          :        MASTER FILE
LITIGATION                                         :        02 Civ. 3288 (DLC)
                                                    :
-------------------------------------------------------------X

## NOTICE OF PROPOSED SETTLEMENT OF
## CONTINGENT PAYMENT CLAIM WITH ARTHUR ANDERSEN LLP

**TO:**   **All persons or entities who purchased or acquired publicly traded securities of WorldCom, Inc. during the period from April 29, 1999 through and including June 25, 2002, who were injured thereby and who are members of the Class in the above-captioned Litigation.**

PLEASE READ THIS NOTICE CAREFULLY; YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT.

Lead Plaintiff, Thomas P. DiNapoli, Comptroller of the State of New York, as Administrative Head of the New York State and Local Retirement Systems and as Trustee of the New York State Common Retirement Fund, achieved recoveries from defendants in the WorldCom securities class action litigation (the "Litigation") totaling in excess of $6.1 billion plus interest for the benefit of the Class.  Pursuant to Orders of the Court approving the settlements achieved, the Litigation was resolved.

One of the settlements achieved in 2005 was with defendant Arthur Andersen LLP ("Andersen"), WorldCom's outside auditor, for a cash payment of $65 million, as well as the possibility of certain contingent payments described in paragraph 2 below (the "Contingent Payment Claim").[1]

This Notice is to apprise Class Members of a proposed settlement that, if approved, will settle and release the Contingent Payment Claim in return for the immediate payment by Andersen of an additional $38 million in cash (the "Settlement").[2]   The effectiveness of this Settlement is contingent on its approval by the Court and the approval of a parallel proposed

---

[1]   All capitalized terms used in this Notice that are not otherwise defined herein have the meanings provided in the Agreement Between Lead Plaintiff and Arthur Andersen LLP Concerning Contingent Payment Claim dated September 27, 2012 (the "Agreement") or the Stipulation of Settlement between Plaintiffs and Andersen dated April 22, 2005 (the "WorldCom Stipulation of Settlement"), both of which are available at www.worldcomlitigation.com.

[2]   The $38 million settlement amount (the "Settlement Amount") less any taxes, notice and administration costs and any attorneys' fees and expenses awarded by the Court (the "Net Settlement Amount") will be distributed to those Class Members who had claims against Andersen in the Litigation and who, pursuant to Orders of the Court, are eligible to receive further distributions from the proceeds recovered in settlement of the Litigation.

1

settlement by the Court in *In re McKesson HBOC, Inc. Securities Litig.*, Master File No. 99-cv-20743 RMW (PVT), pending in the United States District Court for the Northern District of California.

The Court has scheduled a Settlement Hearing to consider the fairness of the proposed Settlement and Lead Counsel's motion for an award of attorneys' fees in the amount of $539,720 (1.42% of the Settlement Amount) and reimbursement of expenses in an amount not to exceed $100,000, to be held on _____, 2012 at _____.m. at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 15B, New York, NY.

You do not need to attend the Settlement Hearing or take any other action.  If the Settlement and the proposed settlement in the McKesson Action are approved, the Net Settlement Amount will be added to the remaining funds available for distribution to eligible claimants in the Litigation.  As discussed below in paragraphs 19 - 22, if you wish to object to the Settlement, you must submit an objection in accordance with the instructions set forth below, so that it is *received* no later than _____, 2012.

Lead Plaintiff and the Class are represented by Bernstein Litowitz Berger & Grossmann LLP and Barrack Rodos & Bacine (together, "Lead Counsel").[3]

## BACKGROUND OF AND REASONS FOR THE PROPOSED SETTLEMENT

1.     This Litigation was resolved by settlements with the various defendants, which were approved by the Court in November 2004 and September 2005 and which resulted in an aggregate settlement amount of approximately $6.15 billion.

2.     One of the settlements achieved in the Litigation was with Andersen.  Under the Stipulation of Settlement between Plaintiffs and Andersen dated April 22, 2005 (the "WorldCom Stipulation of Settlement"), Plaintiffs and the Class agreed to settle all claims in the Litigation against Andersen, in exchange for a cash payment of $65 million plus the possibility of certain contingent payments.  Specifically, under the terms of the WorldCom Stipulation of Settlement, Andersen was obligated to make two contingent payments based on (i) an amount equivalent to 20% of the amounts, if any, actually paid by Andersen to its present or former partners, participating principals, national partners and national directors in repayment of any and all subordinated notes (the "Notes") issued in respect of paid in capital and/or subordinated loans (the "Contingent Loan Repayment Obligation") and (ii) an amount equal to the difference between any Net Cash Amount paid by Andersen in settlement of any other single legal action and the $65 million Cash Payment.  These two contingent payment obligations are referred to collectively as the "Contingent Payment Claim".

3.     In the WorldCom Stipulation of Settlement, the Parties specifically acknowledged that payment on the Notes was suspended at the time the stipulation was entered into and that repayment of the Notes was contingent on many factors.  At the time the WorldCom Stipulation

---

[3] Lead Counsel may be contacted by mail at the addresses set forth in paragraph 19, by telephone at 800-380-8496 (Bernstein Litowitz Berger & Grossmann LLP) and 215-963-0600 (Barrack Rodos & Bacine), or by email at info@worldcomlitigation.com.

2

of Settlement was entered into Andersen confronted substantial litigation claims and other contingencies which had caused it to suspend all payments on the Notes and rendered it highly uncertain whether, when or to what extent Andersen would be in a position to make any repayments with respect to the Notes.

4.      While Andersen now anticipates making some repayments with respect to the Notes, the timing and amounts of any such repayments remains uncertain and subject to multiple contingencies.  To the extent that Andersen makes repayments on the Notes in the future, such repayments would trigger the Contingent Loan Repayment Obligation under the terms of the WorldCom Stipulation of Settlement.  The ultimate amounts of any such repayments with respect to the Notes, the number of such repayments, and the time period over which any such repayments would be made, however, are still unknown and may not become known for years. Additionally, no other single legal action against Andersen has produced a settlement with a net cash payment exceeding $65 million that would trigger the second contingent payment obligation.

**WHAT DOES THE PROPOSED SETTLEMENT PROVIDE?**

5.      The proposed Settlement, the terms of which are set forth in the Agreement Between Lead Plaintiff and Arthur Andersen LLP Concerning Contingent Payment Claim dated September 27, 2012 (the "Agreement"), will settle and release the Contingent Payment Claim in exchange for the payment of $38 million in cash by Andersen.

6.      As of the Effective Date of the Settlement, Lead Plaintiff, all members of the Class (defined in paragraphs 12 and 13 below) and their respective heirs, executors, administrators, successors and assigns, and any persons they represent, (a) agree to release, and by operation of the Judgment shall have released, the WorldCom Settled Claim against the Settling Defendant Releasees and (b) will be forever barred and enjoined from commencing, instituting or prosecuting any action against the Settling Defendant Releasees with respect to, based on, or arising from the WorldCom Settled Claim.

7.      The "WorldCom Settled Claim" means the claim of Lead Plaintiff and the Class set forth in paragraph 1.gg. of the WorldCom Stipulation of Settlement.  Andersen's obligation under paragraph 1.gg. of the WorldCom Stipulation of Settlement was to pay (i) the $65 million in cash (which it did in 2005) and (ii) the Contingent Payment Claim described above in paragraph 2.

8.      The "Settling Defendants Releasees" mean (i) Arthur Andersen LLP; (ii) AWSC Societe Cooperative, en liquidation; (iii) the respective past and present subsidiaries, parents, successors and predecessors, member firms, affiliates, related entities, and divisions of the entities described in (i) and (ii) hereinabove; (iv) the respective past and present shareholders, members, partners, principals, participating principals, national directors, managing or other agents, management personnel, advisors, officers, directors, administrators, attorneys, consultants, accountants, servants, employees, and representatives of any other kind (and any officers, directors, members or shareholders of any of the foregoing which are not natural persons) of the entities described in (i), (ii), and (iii) hereinabove, in their capacities as such; (v) all heirs, spouses, estates, executors, administrators, successors, and assigns of the entities described in (iv) hereinabove, in their capacities as such; and (vi) insurers and reinsurers of those

3

identified in (i), (ii) and (iii) hereinabove, in their capacities as insurers or reinsurers of those identified in such paragraphs with respect to claims relating to this case.

9.      As noted above, under the terms of the Agreement, the effectiveness of the Settlement is contingent not only on approval of the Settlement by this Court, but also on the approval of a parallel proposed settlement entered into between Lead Plaintiff and Andersen in the McKesson Action. The proposed settlement in the McKesson Action concerns contingent obligations with respect to the same Notes as well as a contingent obligation based on the net cash amount paid by Andersen in settlement of any other legal action.

## WHAT ARE THE REASONS FOR THE SETTLEMENT?

10.      Lead Plaintiff and Lead Counsel believe that the proposed Settlement is in the best interests of the Class in light of the continuing uncertainty as to the amount, if any, that could be recovered pursuant to the Contingent Payment Claim and the possibility that any such recovery might be delayed for years.

11.      Lead Plaintiff and Lead Counsel have considered the contingencies and uncertainties that could affect the ultimate amount of the repayments made in respect of the Notes as well as the extended time period over which such repayments may be made. Based on their consideration of these factors, Lead Plaintiff and Lead Counsel have concluded that an immediate and certain payment of $38 million in satisfaction of the contingent obligations is fair, reasonable and adequate to Lead Plaintiff and the other members of the Class, and in their best interests.

## WHO IS A MEMBER OF THE CLASS?

12.      As set forth in the Notice of Class Action, which was mailed to Class Members pursuant to a December 11, 2003 Order of the Court, the above-captioned lawsuit was certified by the Court as a Class Action on behalf of a class (the "Class") consisting of all individuals or entities who purchased or acquired publicly traded securities of WorldCom, Inc. ("WorldCom") during the period from April 29, 1999 through and including June 25, 2002, and who were injured thereby. The Class includes persons or entities who acquired shares of WorldCom common stock by any method, including but not limited to in the secondary market, in exchange for shares of acquired companies pursuant to a registration statement, or through the exercise of options including options acquired pursuant to employee stock plans, and persons or entities who acquired debt securities or other preferred securities of WorldCom in the secondary market or pursuant to a registration statement, and who were injured thereby.

13.      Excluded from the Class are: the defendants in the Litigation, members of the families of the individual defendants in the Litigation, any entity in which any defendant in the Litigation has a controlling interest, officers and directors of WorldCom and its subsidiaries and affiliates, and the legal representatives, heirs, successors or assigns of any such excluded party. Also excluded from the Class are all persons who were excluded from the Class by the Court in response to a request for exclusion.

4

**WHAT PAYMENT ARE ATTORNEYS FOR THE CLASS SEEKING?**

14.     The Court-approved Lead Counsel for the Class, Bernstein Litowitz Berger & Grossmann LLP and Barrack Rodos & Bacine, will apply to the Court for an award of attorneys' fees in amount of $539,720 (1.42% of the Settlement Amount) and for reimbursement of expenses incurred in an amount not to exceed $100,000. The Court will determine the amount of attorneys' fees and expenses to be awarded, which will paid from the Settlement Amount. Class Members are not individually responsible for any of these attorneys' fees or expenses.

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?**

15.     A hearing will be held on _____ __, 2012, at __:__ __.m., before the Honorable Denise Cote in the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 15C, New York, New York. At the Settlement Hearing, the Court will consider whether the proposed Settlement is fair, reasonable, and adequate and should be approved, and whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of expenses should be approved.

16.     Class Members may appear at the Settlement Hearing and be heard on any of the foregoing matters, if they have satisfied the procedures identified in paragraphs 19-26, below. Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Class Member does not attend the hearing.

**WHAT DO I NEED TO DO?**

17.     Nothing. Unless you wish to object to the Settlement and/or the motion for an award of attorneys' fees and reimbursement of expenses or be heard at the Settlement Hearing (discussed below), you do not need to take any action.

**HOW WILL THE SETTLEMENT AMOUNT BE DISTRIBUTED TO CLASS MEMBERS?**

18.     **You do not need to submit a claim form or take any other action.** If the Settlement and the parallel McKesson Action settlement are approved by the respective courts, the Net Settlement Amount will be added to the balance remaining in the WorldCom Net Settlement Funds for distribution to previously approved Authorized Claimants who had claims against Andersen and who, pursuant to the Order Approving Final Distribution Plan dated September 18, 2009 (the "Distribution Order") and the Order of the Court preliminarily approving the Settlement and providing for notice dated _____ __, 2012 (the "Preliminary Approval Order"), are eligible to participate in the fourth distribution.[4]   The Net Settlement

---

[4]   To date there have been three distributions from the WorldCom Net Settlement Fund. Pursuant to the terms of the Distribution Order and the Preliminary Approval Order, only those Authorized Claimants who cashed their third distribution check and whose *pro rata* share of the next re-distribution would be at least $5.00 will receive checks in the fourth distribution.

Amount will be allocated in accordance with the Court-approved Plan of Allocation applicable to the previous Andersen settlement.[5]

## WHAT ARE THE PROCEDURES FOR OBJECTING TO THE SETTLEMENT?

19.    Any Class Member may object to the proposed Settlement and/or the motion for an award of attorneys' fees and reimbursement of expenses.  Objections must be in writing.  Any objection, together with copies of all other papers and briefs supporting the objection, must be filed with the Clerk's Office at the United States District Court for the Southern District of New York on or before _____ __, 2012.  The papers must also be served on Lead Counsel and Andersen's Counsel at the addresses set forth below so that the papers are *received* on or before _____ __, 2012.

| **Clerk's Office** | **Lead Counsel** | **Andersen's Counsel** |
|---|---|---|
| Clerk of the Court<br>United States District Court for the<br>　Southern District of New York<br>500 Pearl Street<br>New York, NY 1007 | John C. Browne, Esq.<br>BERNSTEIN LITOWITZ<br>　BERGER & GROSSMANN LLP<br>1285 Avenue of the Americas<br>New York, NY 10019 | Eliot Lauer, Esq.<br>CURTIS, MALLET-PREVOST,<br>　COLT & MOSLE LLP<br>101 Park Avenue<br>New York, NY 10178 |
| | Jeffrey W. Golan, Esq.<br>BARRACK RODOS & BACINE<br>3300 Two Commerce Square<br>2001 Market Street<br>Philadelphia, PA 19103 | |

20.    Any objection (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; and (b) must contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention.  If you wish to object but you have not received a distribution payment in this Litigation, you must also include documents sufficient to show your membership in the Class with your objection.

21.    You may not object to the Settlement or the motion for an award of attorneys' fees and reimbursement of expenses if you excluded yourself from the Class or if you are not a member of the Class.

22.    Unless otherwise ordered by the Court, any Class Member who does not make and serve his, her or its objection or opposition in the manner provided shall be deemed to have waived all objections and opposition to the issues described in this Notice.

---

[5]  The Plan of Allocation is set forth in the Notice of Proposed Settlements dated July 1, 2005 and the Supplemental Plan of Allocation dated July 1, 2005, both available at www.worldcomlitigation.com.

6

**HOW CAN I SPEAK AT THE SETTLEMENT HEARING?**

23.     If you wish to be heard at the hearing in opposition to approval of the Settlement and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses, and if you file and serve a timely written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Andersen's Counsel at the addresses set forth above so that it is *received* on or before _____, 2012.

24.     You may file an objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above.

25.     You do not need to hire an attorney in order to make a written objection to the Settlement and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses or to appear at the Settlement Hearing. If you do decide to hire an attorney, which will be at your own expense, however, he or she must file a notice of appearance with the Court and serve it on Lead Counsel and Andersen's Counsel at the addresses set forth above so that the notice is *received* on or before _____, 2012.

26.     The Settlement Hearing may be adjourned by the Court without further notice to the Class. If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

**HOW CAN I GET MORE INFORMATION ABOUT THE SETTLEMENT?**

27.     You may obtain a full copy of the Agreement Between Lead Plaintiff and Arthur Andersen LLP Concerning Contingent Payment Claim at www.worldcomlitigation.com, or by writing to the Court-approved Administrator, as follows:

> WorldCom, Inc. Securities Litigation
> c/o  The Garden City Group, Inc.
> P.O. Box 9248
> Dublin, OH 43017-4648
> Tel:     1-866-808-3556 (toll free)
> worldcominfo@gardencitygroup.com

You may also obtain additional copies of this Notice by calling, writing or emailing the Administrator at the numbers or addresses above at any time prior to the Settlement Hearing. Additional information about the Litigation and the previous settlements is also available at www.worldcomlitigation.com.   Lead Plaintiff's motion papers in support of approval of the Settlement, Lead Counsel's papers in support of their motion for an award of attorneys' fees and reimbursement of expenses and any related Orders of the Court will also be posted on www.worldcomlitigation.com

For other inquiries, you may contact Lead Counsel at the addresses set out in paragraph 19 above, by telephone at 800-380-8496 (Bernstein Litowitz Berger & Grossmann LLP) and 215-963-0600 (Barrack Rodos & Bacine), or by email at info@worldcomlitigation.com.

**<u>PLEASE DO NOT CALL OR WRITE THE COURT OR THE OFFICE OF THE
CLERK OF COURT FOR INFORMATION OR ADVICE.</u>**

Dated: _____ __, 2012

By Order of the United States District Court
for the Southern District of New York

_____

HONORABLE DENISE COTE
United States District Judge

8

# Exhibit 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                               :

IN RE WORLDCOM, INC. SECURITIES    :     **MASTER FILE**
LITIGATION                         :     **02 Civ. 3288 (DLC)**
                                 :
-----------------------------------------------------------X

## SUMMARY NOTICE OF PROPOSED SETTLEMENT OF
## CONTINGENT PAYMENT CLAIM WITH ARTHUR ANDERSEN LLP

**TO:**    **All persons or entities who purchased or acquired publicly traded securities of WorldCom, Inc. during the period from April 29, 1999 through and including June 25, 2002, who were injured thereby and who are members of the Class in the above-captioned Litigation.**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A PROPOSED SETTLEMENT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York, that Lead Plaintiff in the above-captioned litigation (the "Litigation") has reached a proposed settlement with Arthur Andersen LLP ("Andersen").

Lead Plaintiff previously achieved settlements in this Litigation with various defendants totaling in excess of $6.1 billion plus interest for the benefit of the Class. One of the settlements previously achieved was with Andersen and it provided for a cash payment of $65 million, as well as the possibility of certain contingent payments (the "Contingent Payment Claim"). The currently proposed settlement will settle and release the Contingent Payment Claim in return for the immediate payment by Andersen of an additional $38 million in cash (the "Settlement").

A hearing will be held on _____, 2012 at __:__ __.m before the Honorable Denise Cote in the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 15C, New York, NY. At this Settlement Hearing, the Court will consider whether the proposed Settlement is fair, reasonable, and adequate and should be approved, and whether a motion by Lead Counsel for an award of attorneys' fees in the amount of $539,720 (1.42% of the $38 million Settlement Amount) and reimbursement of expenses in an amount not to exceed $100,000 should be approved.

**If you are a member of the Class, your rights will be affected by the Settlement. PLEASE NOTE, however, that only Class Members who submitted valid claim forms, cashed their prior distributions from the proceeds of the earlier settlements achieved in the Litigation, and who would be entitled to a minimum payment of $5.00 in the next distribution (which will include the proceeds of this Settlement, if approved), will be eligible to participate in the distribution of the proposed Settlement.**

Please review the full Notice of Proposed Settlement of Contingent Payment Claim With Arthur Andersen LLP (the "Notice"), which provides more details about the proposed

Settlement.  The Notice is available for downloading at www.worldcomlitigation.com and from Lead Counsel's websites, www.blbglaw.com and www.barrack.com.  Copies of the Notice can also be requested by writing to *WorldCom, Inc. Securities Litigation*, c/o The Garden City Group, Inc., P.O. Box 9248, Dublin, OH 43017-4648, by telephone at 1-866-808-3556 (toll free), or by emailing a request to worldcominfo@gardencitygroup.com, at any time prior to the Settlement Hearing.

Any objections to the proposed Settlement or Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses, must be filed with the Court and delivered to Lead Counsel and Andersen's Counsel such that they are *received* no later than _____, 2012, in accordance with the instructions set forth in the Notice.

PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.  Inquiries, other than requests for the Notice, may be made to Lead Counsel:

John C. Browne, Esq.
BERNSTEIN LITOWITZ
    BERGER & GROSSMANN LLP
1285 Avenue of the Americas
New York, NY 10019
(800) 380-8496
www.blbglaw.com

Jeffrey W. Golan, Esq.
BARRACK RODOS & BACINE
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
(215) 963-0600
www.barrack.com

By Order of the Court

# Exhibit 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE WORLDCOM, INC. | : | MASTER FILE NO. |
| SECURITIES LITIGATION | : | 02 Civ. 3288 (DLC) |
| | : | |
| | : | |
| This Document Relates to: | : | |
| | : | |

| | | | |
|---|---|---|---|
| 02 Civ. 3288 | 02 Civ. 4973 | 02 Civ. 8230 | : |
| 02 Civ. 3416 | 02 Civ. 4990 | 02 Civ. 8234 | : |
| 02 Civ. 3419 | 02 Civ. 5057 | 02 Civ. 9513 | : |
| 02 Civ. 3508 | 02 Civ. 5071 | 02 Civ. 9514 | : |
| 02 Civ. 3537 | 02 Civ. 5087 | 02 Civ. 9515 | : |
| 02 Civ. 3647 | 02 Civ. 5108 | 02 Civ. 9516 | : |
| 02 Civ. 3750 | 02 Civ. 5224 | 02 Civ. 9519 | : |
| 02 Civ. 3771 | 02 Civ. 5285 | 02 Civ. 9521 | : |
| 02 Civ. 4719 | 02 Civ. 8226 | 03 Civ. 2841 | : |
| 02 Civ. 4945 | 02 Civ. 8227 | 03 Civ. 3592 | : |
| 02 Civ. 4946 | 02 Civ. 8228 | 03 Civ. 6229 | : |
| 02 Civ. 4958 | 02 Civ. 8229 | | : |

## JUDGMENT APPROVING SETTLEMENT WITH ARTHUR ANDERSEN LLP OF CONTINGENT PAYMENT CLAIM

DENISE COTE, District Judge

On this ___ day of _____, 2012, a hearing having been held before this Court to determine (1) whether the terms and conditions of the Agreement Between Lead Plaintiff and Arthur Andersen LLP Concerning Contingent Payment Claim, dated September 27, 2012 (the "Agreement") are fair, reasonable and adequate for the settlement of all claims against Andersen with respect to paragraph 1.gg. of the Stipulation of Settlement between Lead Plaintiff and Andersen dated April 22, 2005 (the "WorldCom Stipulation of Settlement"); and (2) whether judgment should be entered and the WorldCom Settled Claim, as defined below, should be released in favor of Andersen and the other Settling Defendant Releasees, as defined below, as against all WorldCom Class Members who were not excluded from the WorldCom Class;

And it appearing that the Notice of the hearing substantially in the form approved by the Court was published on the case website maintained by Lead Counsel as well as Lead Counsel's firm websites and the Summary Notice was mailed in accordance with the provisions of the Order of this Court preliminarily approving the Settlement and providing for notice dated _____, 2012 and was published over the *PR Newswire*, pursuant to the specifications of the Court;

And the Court, having considered all matters submitted to it at the hearing, along with all prior submissions by the parties to the Settlement and others, and otherwise having determined the fairness, reasonableness and adequacy of the Settlement;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      This Order incorporates by reference the definitions in the Agreement and the WorldCom Stipulation of Settlement, and all capitalized terms used herein have the same meanings as set forth in the Agreement or the WorldCom Stipulation of Settlement.

2.      This Court has jurisdiction over the subject matter of this Litigation and over all members of the WorldCom Class (the "Class").

3.      The Settlement is approved as fair, reasonable and adequate, and in the best interests of the Class. The parties to the Settlement are directed to consummate the Settlement in accordance with the terms and provisions of the Agreement.

4.      The Court reaffirms that all elements for maintenance of this Litigation as a class action have been met. Specifically, the Class satisfies the numerosity requirement of Rule 23(a)(1); there are common issues of fact and law sufficient to satisfy Rule 23(a)(2); the claims of the Plaintiffs are typical of the claims of absent members of the Class, satisfying Rule 23(a)(3); the Plaintiffs and Plaintiffs' counsel are adequate representatives of the Class,

satisfying Rule 23(a)(4); common issues predominate over individual issues, satisfying Rule 23(b)(3)(i); and class action treatment of this Litigation is a superior method of proceeding in this matter, satisfying Rule 23(b)(3)(ii).   A more detailed explanation of the bases for these conclusions, which remain the conclusions of the Court, is contained in the Opinion and Order of October 24, 2003.  *See In re WorldCom, Inc. Securities Litigation*, 219 F.R.D. 267 (S.D.N.Y. Oct. 24, 2003).

5.     The Class consists of all purchasers or acquirers of publicly traded securities of WorldCom during the period from April 29, 1999 through and including June 25, 2002 (the "Class Period"), and who were injured thereby.   The Class includes persons or entities who acquired shares of WorldCom common stock by any method, including but not limited to in the secondary market, in exchange for shares of acquired companies pursuant to a registration statement, or through the exercise of options including options acquired pursuant to employee stock plans, and persons or entities who acquired debt securities of WorldCom in the secondary market or pursuant to a registration statement, and who were injured thereby.

6.     Excluded from the Class are: (i) defendants in the Litigation; (ii) members of the family of each individual defendant; (iii) any entity in which any defendant in the Litigation has a controlling interest; (iv) officers and directors of WorldCom and its subsidiaries and affiliates; and (iv) the legal representatives, heirs, successors or assigns of any such excluded party.  Also excluded from the Class are all persons and entities who timely filed a valid request for exclusion from the Class.  The exclusion of "any entity in which any defendant in the Litigation has a controlling interest" means that any such entity is excluded from the Class to the extent that the entity itself had a proprietary (*i.e.*, for its own account) interest in WorldCom common stock or debt securities.  In the event that any such entity beneficially owned WorldCom common stock

or debt securities in a fiduciary capacity or otherwise held WorldCom common stock or debt securities on behalf of third party clients or any employee benefit plans that otherwise fall within the class, such third party clients and employee benefit plans shall not be excluded from the Class, irrespective of the identity of the entity or person in whose name the WorldCom common stock or debt securities were beneficially owned or otherwise held.  For example, WorldCom common stock or debt securities shall not be excluded from the Class to the extent held (i) in a registered or unregistered investment company (including a unit investment trust) for which an entity in which any defendant in the Litigation has a controlling interest serves as investment manager, investment adviser or depositor; or (ii) (a) in a life insurance company separate account, or (b) in a segment or subaccount of a life insurance company's general account to the extent associated with insurance contracts under which the insurer's obligation is determined by the investment return and/or market value of the assets held in such segment or subaccount.  A defendant shall be deemed to have a "controlling interest" in an entity if such defendant has a beneficial ownership interest, directly or indirectly, in more than 50% of the total outstanding voting power of any class or classes of capital stock that entitle the holders thereof to vote in the election of members of the Board of Directors of such entity.  "Beneficial ownership" shall have the meaning ascribed to such term under Rule 13d-3 of the Securities Exchange Act of 1934, as amended, or any successor statute or statutes thereto.

7.      "WorldCom Settled Claim" means the claim of Lead Plaintiff and the WorldCom Class set forth in paragraph 1.gg. of the WorldCom Stipulation of Settlement.

8.      "Settling Defendant Releasees" means (i) Arthur Andersen LLP; (ii) AWSC Societe Cooperative, en liquidation; (iii) the respective past and present subsidiaries, parents, successors and predecessors, member firms, affiliates, related entities, and divisions of the

entities described in (i) and (ii) hereinabove; (iv) the respective past and present shareholders, members, partners, principals, participating principals, national directors, managing or other agents, management personnel, advisors, officers, directors, administrators, attorneys, consultants, accountants, servants, employees, and representatives of any other kind (and any officers, directors, members or shareholders of any of the foregoing which are not natural persons) of the entities described in (i), (ii), and (iii) hereinabove, in their capacities as such; (v) all heirs, spouses, estates, executors, administrators, successors, and assigns of the entities described in (iv) hereinabove, in their capacities as such; and (vi) insurers and reinsurers of those identified in (i), (ii) and (iii) hereinabove, in their capacities as insurers or reinsurers of those identified in such paragraphs with respect to claims relating to this case.

9.     As of the Effective Date, Lead Plaintiff, all WorldCom Class Members and their respective heirs, executors, administrators, successors and assigns, and any persons they represent, release, and by operation of this Judgment shall have released, the WorldCom Settled Claim against the Settling Defendant Releasees.

10.     As of the Effective Date, Lead Plaintiff, all WorldCom Class Members and their respective heirs, executors, administrators, successors and assigns, and any persons they represent, will be forever barred and enjoined from commencing, instituting or prosecuting any action against the Settling Defendant Releasees with respect to, based on, or arising from the WorldCom Settled Claim.

11.     Neither the Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the Settlement: (i) is or may be deemed to be or may be used or offered as an admission or evidence of the validity of any released WorldCom Settled Claim or of any wrongdoing or liability of any Settling Defendant

Releasee; or (ii) is or may be deemed to be or may be used or offered as an admission or evidence of any fault or omission of any Settling Defendant Releasee in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal, other than as may be necessary to consummate or enforce the Agreement, the Settlement or this Judgment.

12.    Neither the Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the Settlement: (i) is or may be deemed to be or may be used or offered as an admission or evidence against Lead Plaintiff or any WorldCom Class Members that any of their claims are without merit or that the Contingent Payment Claim recoverable under paragraph 1.gg. of the WorldCom Stipulation of Settlement would not have exceeded the WorldCom Settlement Amount; or (ii) is or may be deemed to be or may be used or offered as an admission or evidence of any fault or omission of Lead Plaintiff or any WorldCom Class Members in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal, other than as may be necessary to consummate or enforce the Agreement, the Settlement or this Judgment.

13.    Exclusive jurisdiction is hereby retained over the parties and the WorldCom Class Members for all matters relating to this Litigation, including the administration, interpretation, effectuation or enforcement of the Agreement and this Judgment.  Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over:  (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the WorldCom Settlement Amount; (c) any motion by Lead Counsel for an award of attorneys' fees and reimbursement of expenses that will be paid from the WorldCom Settlement Amount; and (d) the Class Members for all matters relating to the Litigation.

14.   A separate order shall be entered regarding Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses. Such order shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

15.   Without further approval from the Court, the Parties are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate this Settlement that: (i) are not materially inconsistent with this Judgment; and (ii) do not materially limit the rights of WorldCom Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiff and Andersen may agree to reasonable extensions of time to carry out any provisions of the Settlement.

16.   If the Effective Date does not occur, the Settlement is terminated as provided in the Agreement, or the WorldCom Settlement Amount is not deposited by Andersen or is subsequently required to be returned, then this Judgment (and any orders of the Court relating to the Settlement) shall be vacated, rendered null and void and be of no further force or effect, except as otherwise provided by the Agreement.

17.   There is no just reason to delay entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.


SO ORDERED:

Dated:      New York, New York
            _____, 2012

                                        _____
                                        DENISE COTE
                                        United States District Judge

7